THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT PAYNE, Defendant-Appellee.

(No. 55582; ▮▮▮▮▮▮▮▮▮▮

First District—June 28, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Gerald W. Getty, Public Defender, of Chicago, (Robert M. Gray and James N. Gramenos, Assistant Public Defenders, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Robert Payne, was charged by indictment with the robbery and rapes of three women. Prior to trial, he filed a motion to suppress evidence of identifications on the ground that such evidence was the product of an unlawful arrest and detention. The motion was granted, and the State appeals pursuant to Supreme Court Rule 604. Ill. Rev. Stat. 1969, ch. 110A, par. 604.

At the hearing on the motion to suppress, the defendant testified that he resides at 1308 East 62nd Street in the City of Chicago and that on January 8, 1970, he was arrested without a warrant on a street corner one-half block from his home. Subsequent to his arrest, he was taken to a nearby house.

Alonzo Hayes, an officer in the Chicago Police Department, testified that he was assigned to investigate a series of forcible rapes which occurred between 6:00 A.M. and 8:00 A.M. in a certain area when women were going to and from work. He was aware of a composite description of the rapist which was prepared by the police from the reports of the victims and which pictured the offender as "a male Negro, five-ten,

approximate weight 150 to 165 with a short natural, which was more or less kept or unkept." The offender's clothing was described as "a three-quarter-length coat. It was black, brown and white checkered. There was a blue shirt and dark trousers and dark shoes." At approximately 6:45 on the morning of the arrest Officer Hayes was proceeding east in a police vehicle on 63rd Street, in the crime area, when he saw the defendant who had a short rather unkempt natural and who was wearing a brown checkered coat, dark trousers, dark shoes, and a blue shirt under a sweater, walking west on the south side of the street. After the vehicle turned around, the defendant "was walking fast and looking back." He knew from the police reports that the rapes had occurred in the vicinity of the block where the defendant was walking, and he placed the suspect under arrest.

On cross-examination, Officer Hayes testified that at the time of the arrest he neither knew the defendant's name nor had a photograph of him. Variations in the descriptions of the rapist given by the individual victims with respect to age, height, and weight, as well as with regard to wearing apparel were brought out. Officer Hayes stated that the defendant was identified by one of the victims in a show-up and then later placed in a line-up.

■■ An arrest without a warrant is justified when a police officer has reasonable grounds to believe that an offense has been committed and that the person he seeks to arrest is the perpetrator of that offense. (Section 107—2 (c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 107—2 (c), *People v. Wright*, 41 Ill.2d 170, 242 N.E.2d 180.) The number of facts necessary to constitute probable cause for an arrest without a warrant depends on the circumstances in each particular case. However, it is not necessary that the information possessed by the officer be admissible at trial or that it be sufficient to prove the suspect guilty beyond a reasonable doubt. (*People v. Marino*, 44 Ill.2d 562, 256 N.E.2d 770; *People v. La Bostrie*, 14 Ill.2d 617, 153 N.E.2d 570.) The test is essentially one of reasonableness. The actions of a policeman in making an arrest without a warrant must be judged in light of all the circumstances confronting the officer who while on the scene must make an immediate selection of a course of action which will preserve individual rights, but at the same time will prevent crime and lead to the apprehension of criminals. *People v. Jones*, 31 Ill.2d 42, 198 N.E.2d 821.

■■ Measured by these standards, it is our opinion that the arrest without a warrant was lawful. Officer Hayes knew that a series of forcible rapes had been committed during the early morning hours in the area which he was patrolling, and he possessed a composite description of

the offender. When Officer Hayes approached, the defendant proceeded to walk fast toward an alley while looking back. Variations exist between the composite description and the descriptions given by the individual victims, but it was the detailed composite and not the individual descriptions upon which Officer Hayes evidently relied. Viewing the totality of the facts known to Officer Hayes at the time of the arrest, we must conclude that he had reasonable grounds to believe that the defendant committed the rapes and robberies under investigation.

For the foregoing reasons the order granting the motion to suppress is reversed, and the cause is remanded to the Circuit Court for further proceedings.

Reversed and remanded.

DIERINGER, P. J., and ADESKO, J., concur.