THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES KEITH *et al.*, Defendants-Appellees.

(No. 56490;

First District—October 4, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

James J. Doherty, Public Defender, of Chicago, (Ian Levin, Assistant Public Defender, of counsel,) for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Defendants, Charles Keith, Ronald Leak, James Pate, Leonard Gayles and Roland Norwood, were indicted for burglary in violation of section 19—1 of the Illinois Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, sec. 19—1). In the Circuit Court of Cook County the defendants all made motions to suppress the physical evidence, and the court sustained the motions after a hearing. The State has appealed pursuant to Rule 604 of the Supreme Court of Illinois.

The issue on appeal is whether the trial court correctly suppressed the evidence seized because, under the totality of the evidence, the stopping and arresting of the defendants by the police officers was unreasonable.

Two Chicago police officers, Richard Portis and James Polk, testified that on January 25, 1971, at approximately 4:30 in the afternoon, they were riding in an "unmarked" squad car in the vicinity of 73rd and Yates Avenue. Only their radio antenna signified their identity as police officers. Yates is a thoroughfare and there are several apartment buildings in the 7400 block. As they proceeded south on Yates they received a radio message of a burglary in progress at 7409 South Yates, a three-story apartment building. They were given no additional information concerning a description of individuals or of any automobile or the number of persons involved.

They drove to 7409 South Yates and observed a single automobile parked in front. There were three men in the car and two others standing next to it. As the officers approached in their car the men appeared to look at them. Then one of the men standing by the car got in, the other walked away, and the car pulled away from the curb, heading north. Both officers recognized the man walking away as being Leonard Gayles, a man who, on occasion, had been stopped before. There were no other pedestrians in the area. The officers made a U-turn, picked up Gayles, and then stopped the car which had turned west on 73rd Street. After stopping the car the officers got out of their squad car and approached the car. They were able to observe a television set on the back seat. They asked the men in the car about the owner of the set, but all disclaimed knowledge of it. The keys were taken from the ignition, the trunk opened, and another television was found. The men were asked who owned that television and none responded. All of the defendants were placed under arrest and taken back to 7409 South Yates.

The defendants contend the arrests were made without a warrant and without probable cause and, therefore, the evidence must be excluded. We disagree.

 Probable cause is not required to make a stop in accordance with police officer's investigative function. (Ill. Rev. Stat. 1971, ch. 38, sec. 107—14; *People v. Henneman* (1937), 367 Ill. 151.) In *Terry v. Ohio*, 392 U.S. 1, the Supreme Court discussed the governmental interest in effective crime prevention and detection and stated that:

"* * * it is this interest which underlies the recognition that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating

possibly criminal behavior even though there is no probable cause to make an arrest."

From the testimony of the police officers it is clear they did not intend to arrest the occupants of the car when the stop was made:

"THE WITNESS [Officer Polk]: I didn't know whether he was involved. That's why I stopped him.

MR. PRIDE: Q. I see. You stopped him for a traffic violation?

A. No, I didn't. I stopped him to see if they was involved in the crime that was committed. He was leaving the scene of the crime.

\* \* \*

Q. Was he under arrest at that time you stopped him?

A. No."

Officers Portis and Polk were well within their authority to stop the vehicle pursuant to their investigation of the reported crime.

■■ The principles applicable to making a warrantless arrest are stated in *People v. Payne* (1972), 6 Ill.App.3d 378, 286 N.E.2d 35:

"An arrest without a warrant is justified when a police officer has reasonable grounds to believe that an offense has been committed and that the person he seeks to arrest is the perpetrator of that offense. (Section 107—2(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 107—2(c)), *People v. Wright,* 41 Ill.2d 170, 242 N.E.2d 180.) The number of facts necessary to constitute probable cause for an arrest without a warrant depends on the circumstances in each particular case. However, it is not necessary that the information possessed by the officer be admissible at trial or that it be sufficient to prove the suspect guilty beyond a reasonable doubt. (*People v. Marino,* 44 Ill.2d 562, 256 N.E.2d 770; *People v. LaBostrie,* 14 Ill.2d 617, 153 N.E.2d 570.) The test is essentially one of reasonableness. The actions of a policeman in making an arrest without a warrant must be judged in light of all the circumstances confronting the officer who while on the scene must make an immediate selection of a course of action which will preserve individual rights, but at the same time will prevent crime and lead to the apprehension of criminals. *People v. Jones,* 31 Ill.2d 42, 198 N.E.2d 821."

■■ In the instant case the police officers observed the defendants leave the address of a reported burglary in progress, apparently because of their approach. Defendants' car was the only car parked in front of the address, and there were no other pedestrians in the area. One of them was known to the officers as someone who was picked up "on occasion." When the officers stopped and approached the vehicle for

the limited purpose of investigation, they observed a television set of which all of the occupants denied knowledge.

At that point it was reasonable for the officers to conclude the defendants were the parties involved in the burglary, and the arrests and subsequent seizure of the television sets was lawful.

For these reasons the judgment of the Circuit Court of Cook County is reversed and the cause remanded for trial.

Reversed and remanded.

BURMAN and ADESKO, JJ., concur.