THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN EVANS *et al.*, Defendants-Appellees.

(No. 74-163;

Second District (1st Division)—October 24, 1975.

*Rehearing denied November 21, 1975.*

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Charles D. Sheehy, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Rolland J. McFarland, of Rockford, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal by the People of the State of Illinois pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1973, ch. 110A, par. 604). The defendants, John Evans and Oran Ray Davenport, were arrested without a warrant and subsequently charged with possession of burglary tools

(Ill. Rev. Stat. 1971, ch. 38, par. 19—2) and theft (Ill. Rev. Stat. 1971, ch. 38, par. 16—1). After a hearing, the circuit court of Winnebago County granted defendants' motion to suppress evidence. On appeal, the State contends that the trial court erred in granting defendants' motion to suppress. We find that the State's contention has merit and reverse.

The record discloses that one week prior to June 18, 1973, newspaper articles in the city of Rockford, Illinois, had carried accounts warning of persons who were selling fraudulent rolls of coins, with a quarter at each end and washers in between, to grocery stores in the area. One Mrs. Tamara Parish had read these articles and was aware of the problem. On June 18, 1973, at approximately 2 p.m., Mrs. Parish had gone grocery shopping in the vicinity of 2400 Kilburn Avenue in Rockford. She observed two men seated inside a blue Dodge Polara with a black vinyl top parked immediately to her left. After shopping for approximately 20 minutes, she returned to her automobile. As she was entering her vehicle Mrs. Parish looked to make sure that the driver's door of her vehicle did not strike the Polara. As she was doing that, she noticed the man sitting in the passenger seat doing something with his hands. She saw that the glove compartment was open and noticed quite a few different colored coin wrappers inside. The passenger then looked up at Mrs. Parish and quickly closed the glove compartment door. She became suspicious. Remembering the newspaper articles, Mrs. Parish wrote down the license plate number of the Polara. That night, after discussing her observation with her husband, they reported what she had seen to the Rockford police department. The police received the report at approximately 6:30 p.m.

At approximately 7:30 p.m. the same night, Officer Bruce Scott of the Rockford police department was on duty patrolling downtown Rockford on foot when he received, on his portable police radio, a communication about suspects in the fraudulent sale of rolled coins to the grocery stores in the area. The radio message described them as two white males in a 1968 Dodge Polara bearing 1973 Ohio license plate number 4206. Prior to receiving the radio message Officer Scott had also read about the coin scheme in the newspaper and had been advised at roll call to look for people with washers and rolls of quarters.

At approximately 8 p.m. Officer Scott spotted the Dodge Polara westbound on State Street. Scott radioed headquarters to confirm the license plate number and was immediately notified it was the same number. Officer Scott ran up the street and went up to the driver's window of the vehicle which was stopped for a traffic light. Three persons were in the vehicle; defendant Evans, who was driving, defendant Davenport, who was sitting in the passenger seat, and one Joyce Hayes, who was in

between them. Officer Scott asked Evans for his driver's license and told him he was stopped in reference to an investigation for possible theft. Evans gave Scott a valid license. Evans had not violated any traffic ordinances or statutes.

After Officer Scott made the stop, several other policemen arrived at the scene. Upon Evans' refusal to allow the police to search the glove compartment or follow them to the police station, Sergeant Carr, who was on the scene, ordered that the occupants be placed under arrest and the automobile be removed to the police patrol barn because it was blocking traffic. All three occupants were removed from the Polara, frisked, handcuffed and taken to the police station where the defendants were initially charged with theft and deception and an inventory search was made of them. Subsequently those charges were dropped and the defendants were charged with possession of burglary tools and theft. Joyce Hayes was released.

After the defendants and Joyce Hayes had been removed from the car, Officer Scott opened the door and entered the vehicle to drive it to the police patrol barn. On the floor between the seat and the door he observed four lock picks. At the patrol barn, while locking the car, Officer Scott observed a bucket of coins with a white rag partially covering the top of it on the floor in front of the passenger's seat. He removed the lock picks, tagged them and put them in the evidence vault. He recorded his observations in his report and informed the other officers at the station of what he had found.

Later that night Officer Krebbs and Detective Nelson removed from the interior of the Dodge Polara the following items: a blue plastic bucket and a soap box filled with assorted coins from the front seat and a number of wrapped and rolled quarters and dimes from the glove compartment. This was done without a search warrant.

On June 19, 1973, a search was made of the back seat and trunk of the car pursuant to a search warrant issued that day. This search revealed a large number of burglary tools.

At the hearing on the defendants' motion to suppress evidence the trial court held that all evidence taken from the vehicle and from the persons of the defendants, whether pursuant to a search warrant or otherwise, should be suppressed. The State has appealed.

■■ The sole issue presented to this court is whether the arrest of the defendant was lawful. The defendants admit in their brief that if their arrest were valid, then the objects seized were legally seized and can be admitted into evidence at the trial.

Section 107—2 of the Illinois Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 107—2) lists the various grounds upon which a

peace officer may make a lawful arrest without a warrant. One of the grounds listed is:

"(c) He has reasonable grounds to believe that the person is committing or has committed an offense."

Reasonable grounds had been equated with probable cause (*People v. Jones* (1964), 31 Ill.2d 42, 198 N.E.2d 821). In an attempt to define these terms, this court, in *People v. Pruitt* (1974), 16 Ill.App.3d 930, 939, 307 N.E.2d 142, 150, adopted the view stated in *People v. Payne* (1972), 6 Ill.App.3d 378, 380, 286 N.E.2d 35, 36, that:

"* * * The number of facts necessary to constitute probable cause for an arrest without a warrant depends on the circumstances in each particular case. However, it is not necessary that the information possessed by the officer be admissible at trial or that it be sufficient to prove the suspect guilty beyond a reasonable doubt. [Citations.] The test is essentially one of reasonableness. The actions of a policeman in making an arrest without a warrant must be judged in light of all the circumstances confronting the officer who while on the scene must make an immediate selection of a course of action which will preserve individual rights, but at the same time will prevent crime and lead to the apprehension of criminals. [Citation.]"

■■■ In this case, Officer Scott knew that the offenses of theft and deception had been committed recently in the Rockford area through the use of rolls of coins. He received a police radio dispatch informing him that an ordinary citizen had observed two white males acting suspiciously earlier that day in the Dodge Polara with rolls of coins in the glove compartment. It is well settled that it is reasonable for police officers to act on information given by an ordinary citizen without establishing prior reliability (*People v. Hoffman* (1970), 45 Ill.2d 221, 226, 258 N.E.2d 326, 328; *People v. Johnson* (1973), 13 Ill.App.3d 204, 207, 300 N.E.2d 535, 538), and to act on the information acquired by police radio. (*People v. Hill* (1975), 28 Ill.App.3d 719, 721, 329 N.E.2d 515, 517.) Therefore, Officer Scott had reasonable grounds to believe the defendants were involved in the coin scheme and to arrest them. This court notes that the police officers arrested the occupants of the vehicle only after they determined the occupants would not cooperate in the investigation. The arrest being lawful, the defendants admit that the objects seized were done so lawfully and the ruling of the trial court is reversed.

Reversed.

SEIDENFELD, P. J., and HALLETT, J., concur.