THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LUTHER GATHERIGHT, Defendant-Appellant.

First District (3rd Division)    No. 76-144

Opinion filed October 21, 1976.

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek and Leonard V. Solomon, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Luther Gatheright challenges the legality of his arrest and the seizure of $321 in bills from his pocket—both of which led to his conviction for armed robbery.

Before his trial, Gatheright filed a motion to quash his arrest and suppress evidence. At the hearing on the motion, Paul Gish, a detective of the Harvey, Illinois police department testified that he was sitting in an unmarked police car at 11:20 a.m., on June 7, 1974, when he was notified by radio that a burglary was in progress at Pajor's hardware store, a block

away. He arrived at the store within 20 seconds and saw Gatheright leave the store by a side door and walk rapidly to an auto in the adjacent parking lot. As Gatheright started to back out of his parking place, Gish blocked him. When he attempted to go forward Gish got out of his own car with his revolver drawn and ordered Gatheright out of his auto. As Gatheright stepped out, Gish observed what appeared to be a large roll of currency in his pocket. Gish patted him down and found a large wad of bills about the size of a softball totaling $321 in his right front pants pocket. The officer then arrested and handcuffed him.

A moment before, Officer Earl Franklin, a Harvey policeman, responding to the same radio call, arrived and went into the store. He came out with the owner, Charles Pajor, who had been locked in a rear room. Pajor identified Gatheright as the man who had just robbed him at gunpoint. Gish took his prisoner to the Harvey police station. In the station parking lot Gish found a gun in the back seat of his police car that Gatheright had discarded.

■■■ A person may be arrested without a warrant when a police officer has reasonable grounds to believe that the person arrested is committing or has committed an offense. (Ill. Rev. Stat. 1973, ch. 38, par. 107—2(c).) Probable cause to effect a warrantless arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient to convince an individual of reasonable caution that a crime was committed by the suspect arrested. Where there has been such an arrest, a policeman may search the suspect for weapons and fruits of the crime. (*People v. Asey* (1967), 85 Ill. App. 2d 210, 229 N.E.2d 368.) Since Gish arrived at Pajor's hardware store immediately after receiving a message that a "burglary" was in progress there, he had every reason to believe that a crime was still in progress or had just been concluded. He had no description of the crime's perpetrator, but he did see Gatheright hurriedly walk out of the store and get into his car. We believe that it was reasonable for him to surmise that this person was the offender. As he blocked the suspect's car, the driver tried to elude him. His actions in preventing the suspect's departure, approaching him with a drawn gun and ordering him out of his car, identified Gish as a police officer. Section 107—14 of the Code of Criminal Procedure states that a peace officer may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person has committed an offense, and may demand the name and address of the person and an explanation of his actions. While making this investigatory stop Gish noticed a suspiciously large ball of bills in the suspect's pocket. The suspect, who had just come out of the store, said nothing about the crime that had taken place or was taking place there. He volunteered no explanation for his actions.

■■ Under these circumstances, Gish had the right to stop him, search him and arrest him. Any other course of action would have been foolish. The information Gish had was scanty, but under the circumstances, his actions were proper and responsible. None of the cases cited by the defendant to show that his actions were illegal are on point. Those cited by the State in justification of the arrest and search are. *Cf. People v. Keith* (1972), 7 Ill. App. 3d 1071, 289 N.E.2d 103; *People v. Davidson* (1970), 121 Ill. App. 2d 163, 257 N.E.2d 513; *People v. Robbins* (1967), 88 Ill. App. 2d 447, 232 N.E.2d 302.

The trial court correctly denied the motion to quash the arrest and suppress the evidence, and the jury, given the evidence, properly found Gatheright guilty of armed robbery. The judgment is affirmed.

Judgment affirmed.

MEJDA, P. J., and McGLOON, J., concur.