THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN JORDAN, Defendant-Appellant.

First District (2nd Division)   No. 61994

Opinion filed November 3, 1976.

James J. Doherty, Public Defender, of Chicago (Peter T. Woods, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Edward Phillips, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Defendant John Jordan was convicted on one count of murder, (Ill. Rev. Stat. 1973, ch. 38, par. 9—1) and two counts of armed robbery, (Ill. Rev. Stat. 1971, ch. 38, par. 18—2) following a jury trial. He was sentenced to three terms of 15 to 30 years' imprisonment, the terms to be served concurrently. On appeal defendant argues that his convictions must be reversed because his arrest was without probable cause and

evidence derived therefrom was erroneously admitted and he did not receive effective assistance of counsel.

On March 17, 1973, the decedent was killed in the course of an armed robbery at Kim Cleaners located at 7127 South Yates in Chicago. The exact circumstances of that occurrence will not be related because this appeal questions the evidence that emanated from an allegedly illegal arrest made by police officers who, at the time of the arrest, had no knowledge of the murder and robbery.

The evidence of the arrest is derived from two witnesses, Officer Grissett and the defendant. Officer Grissett testified that at about 7 p.m., on March 17, 1973, he was in plain clothes with his partner, Leon Armistead, in an unmarked police car. They were patrolling northbound on Yates in the 7300 block when they approached 72nd Street. There they observed "two male negro suspects running eastbound on 72nd Street away from Yates, on the north side of the street." That was the north side of 72nd Street. They observed the two men turn and run southbound on Phillips. Phillips is the block to the east of Yates. At that time, the witness testified that "my partner and I stopped one of the subjects at approximately 7238 South Phillips." The witness testified that his partner identified himself as a Chicago police officer and asked the defendant why he was running. The defendant's response to the inquiry was they had just snatched a white lady's purse. At that point the witness jumped out of the car and chased the other person southbound on Phillips through some yards. He was unsuccessful in his attempt to apprehend that person. The witness then returned to the police car where his partner was standing with the defendant. The witness testified that his partner advised defendant of his constitutional rights and a protective search was made and the decedent's postal badge was recovered.

The defendant testified that he was on Phillips and "was approached by two plainclothes police." In response to a question as to whether or not he had a conversation the witness said, "Yes. When we got to the car, they said, 'halt' so I stopped." The defendant testified that when they asked him why they were running he said, "first I told him we snatched a purse because I was scared. I didn't know what to do."

The defendant argues from these circumstances that the initial stop was an arrest. Factually, he asserts, the officer did not possess sufficient information to support a finding of probable cause for a warrantless arrest. Consequently, all evidence secured incident to that arrest, including a subsequent statement of the defendant, the decedent's postal badge, and the lineup identification should have been excluded from this trial.

The State does not contest the fact that the police officers at the initial

encounter lacked probable cause. The State maintains that the initial stop of the defendant was for investigative purposes citing *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *People v. Keith*, 7 Ill. App. 3d 1071, 289 N.E.2d 103 (1972); and section 107—14 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 107—14), which provides:

> "A peace officer, after having identified himself as a peace officer, may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense as defined in Section 102—15 of this Code, and may demand the name and address of the person and an explanation of his actions. Such detention and temporary questioning will be conducted in the vicinity of where the person was stopped."

Once probable cause is established, that is, by the admission of the defendant that he had snatched a purse, the arrest and search incident thereto are proper.

■■ We agree with the State to the extent that it argues there was probable cause to make an arrest and in fact an arrest was made at the time the defendant stated he had taken the purse. Within the context of the instant case, however, we do not believe the initial encounter, prior to the time the defendant said he had taken the purse, can be denominated an arrest or a stop under *Terry*. In *People v. Howlett* (1971), 1 Ill. App. 3d 906, 274 N.E.2d 885, the court stated the requisites for an arrest; (1) authority to arrest; (2) assertion of that authority with intention to effect an arrest; and (3) restraint of the person to be arrested. In the instant case the officers while seated in their car called to the defendant. There is no evidence from which the inference can be drawn that they intended to restrain the defendant. The officers acted while unarmed and without a show of force. (*Howlett*, 1 Ill. App. 3d 906, 911.) Grissett exited from the car to pursue the defendant's companion only after the defendant made the statement about the purse. At that time he had reasonable grounds to believe that the person had committed an offense. (Ill. Rev. Stat. 1973, ch. 38, par. 107(2)(c).) The second and third elements enumerated in *Howlett* are absent.

The same reasoning supports the conclusion that this was not a stop under *Terry* and under the Illinois codification of *Terry* (Ill. Rev. Stat. 1973, ch. 38, par. 107—14). As we said in *People v. Hines* (1973), 12 Ill. App. 3d, 582, 588, 297 N.E.2d 316, there must be some element of force or of threatened force in order to constitute a stop. (See *Terry*, 392 U.S. 1, 32, 20 L. Ed. 2d 889, 912.) The mere knowledge by the person questioned that the person asking the questions is a police officer cannot in itself

constitute a factor of threatened force because, were that so, every question put to a person under any circumstances by a self-identified police officer on duty would by that very fact constitute a *Terry* stop. An officer may ask an individual a question provided he does not confine or restrain the individual without his consent. (*Howlett*, at 910; see *People v. Colon* (1973), 9 Ill. App. 3d 989, 293 N.E.2d 468; *People v. Priest* (1972), 9 Ill. App. 3d 499, 292 N.E.2d 518.) We do not find the requisite restraint under the circumstances.

■■ ■ The defendant asserts that he had not received effective assistance of counsel who had been privately retained by him. His only complaint in that regard is that counsel made no motion to suppress the defendant's arrest and the evidence that was derived therefrom. We have herein already considered the issue of suppression on its merits even though no motion has been made and have found that it was without substance. An examination of the records reveals a high caliber of representation of the defendant. *People v. Torres* (1973), 54 Ill. 2d 384, 297 N.E.2d 142.

For the reasons herein stated the judgment of the circuit court is affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.