783 P.2d 479

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**John LOPEZ, Defendant–Appellee.**

**No. 10800.**

Court of Appeals of New Mexico.

April 13, 1989.

Certiorari Quashed Nov. 19, 1989.

Hal Stratton, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Appellate Defender, Santa Fe, Dennis W. Montoya, Asst. Public Defender, Las Vegas, for defendant-appellee.

OPINION

MINZNER, Judge.

This case raises important questions concerning the distinction between police en-

counters with citizens that do not implicate the fourth amendment, *see United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), and those that do. *See, e.g., Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The state appeals an order of the trial court suppressing "all evidence resulting from the police stop and seizure of defendant's 1974 GMC pickup truck." Relying on *State v. Powell*, 99 N.M. 381, 658 P.2d 456 (Ct.App.1983), and *State v. Montoya*, 94 N.M. 542, 612 P.2d 1353 (Ct.App.1980), the state argues that the police officers did not seize defendant within the meaning of the fourth amendment until after the officers saw the contraband in plain view as a result of an encounter not implicating the fourth amendment. Finding *Powell* and *Montoya* distinguishable, we affirm.

The state vigorously argues the issues in this case are legal issues, freely reviewable by this court. *See Boone v. State*, 105 N.M. 223, 731 P.2d 366 (1986) (reviewing court not bound by a trial court's ruling that is predicated on a mistake of law). Defendant equally vigorously argues the issues are factual, requiring deference to the trial court's ruling. *See State v. Harge*, 94 N.M. 11, 606 P.2d 1105 (Ct.App. 1979), *overruled on other grounds, Buzbee v. Donnelly*, 96 N.M. 692, 634 P.2d 1244 (1981) (rulings on motions to suppress governed by the substantial evidence standard). Therefore, it is first necessary to determine whether we are reviewing a legal issue or a factual issue.

*Terry* states, "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." 392 U.S. at 16, 88 S.Ct. at 1877. *See also State v. Frazier*, 88 N.M. 103, 537 P.2d 711 (Ct.App.1975). The restraint on the person's freedom of movement may be effected either by physical force, *id.*, or a show of authority. *United States v. Mendenhall*, 446 U.S. at 553, 100 S.Ct. at 1876. *Mendenhall* in fact provides examples as well as a guideline:

> We conclude that a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the in-

cident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. [Footnote omitted.]

*Id.* at 554, 100 S.Ct. at 1877 (opinion of Stewart, J.). Although only one other justice joined this portion of *Mendenhall*, the Supreme Court has since adopted this test. *Michigan v. Chesternut*, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988); *I.N.S. v. Delgado*, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (plurality opinion).

Under *Mendenhall*, a person is seized within the meaning of the fourth amendment when, in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave. Based on these statements, as a matter of law, a person is seized when the facts show accosting and restraint such that a reasonable person would believe he is not free to leave. However, we believe the question of whether the facts show such accosting and restraint is factual in nature. We are supported in this belief by *State v. Swise*, 100 N.M. 256, 669 P.2d 732 (1983). There the supreme court treated the question of whether the defendant was deprived of freedom in some significant way as a factual question and applied the substantial evidence test to it.

█ Thus, we conclude the question of whether defendant was seized, thereby invoking fourth amendment protections, is a legal question. However, whether defendant was accosted and restrained such that a reasonable person in the same circumstances would believe he was not free to leave is a factual question. We now apply the appropriate standards to the issues in this case.

Federal and state courts have found it useful in analyzing claims based on the fourth amendment to distinguish among three levels of police/citizen encounters. *See, e.g., United States v. Black,* 675 F.2d 129 (7th Cir.1982), *cert. denied,* 460 U.S. 1068, 103 S.Ct. 1520, 75 L.Ed.2d 945 (1983); *United States v. Berry,* 670 F.2d 583 (5th Cir.1982); *see also Wilson v. Superior Court of Los Angeles County,* 34 Cal.3d 777, 195 Cal.Rptr. 671, 670 P.2d 325 (1983) (In Bank), *cert. denied,* 466 U.S. 944, 104 S.Ct. 1929, 80 L.Ed.2d 474 (1984). Our cases are consistent with this approach.

At one extreme is a full-scale arrest that must be supported by probable cause. *See State v. Frazier.* At the other extreme is an approach in a non-coercive manner, during which the individual approached is free to leave. *See United States v. Mendenhall.* In between these two extremes lie a variety of confrontations amounting to seizures that must be justified by something less than probable cause but more than an inarticulate hunch. *See State v. Cohen,* 103 N.M. 558, 711 P.2d 3 (1985), *cert. denied,* 476 U.S. 1158, 106 S.Ct. 2276, 90 L.Ed.2d 719 (1986); *State v. Ray,* 91 N.M. 67, 570 P.2d 605 (Ct.App.1977). Neither unsupported intuition nor an inarticulable hunch is enough. *See State v. Galvan,* 90 N.M. 129, 560 P.2d 550 (Ct.App.1977).

The state argues this case is at the extreme of non-coercive approach, and that the police officers' actions do not involve the fourth amendment. Defendant argues this case is a seizure not amounting to an arrest, thereby requiring the officers to justify it by a reasonable suspicion that the law is being or has been violated. Although the state argues the police legally approached defendant in furtherance of an investigation, it does not argue the officers possessed the requisite reasonable suspicion to justify a mid-level seizure or a *Terry* stop. Therefore, the only question we address is whether, as the state contends, there was no seizure under the facts of this case.

Having determined that the question of whether defendant was accosted and restrained such that a reasonable person would not have felt free to leave is a factual question, we review the evidence in the light most favorable to defendant, in whose favor the court below ruled. *Cf. State v. Anderson,* 107 N.M. 165, 754 P.2d 542 (Ct. App.1988) (consent to search is a factual question, the resolution of which is reviewed on appeal for substantial evidence). A reviewing court must determine whether the trial court's result is supported by substantial evidence, not whether the trial court could have reached a different conclusion. *Id.* Factfinding frequently involves selecting which inferences to draw. *Id.* The possibility that on similar facts another trial court may have drawn different inferences does not mean we must reverse here. *Id.*

In making the determination of whether a reasonable person would have felt free to leave, the trial court considers the factual circumstances of each case, considering specifically the following factors: (1) the conduct of the police, (2) the person of the individual citizen, and (3) the physical surroundings of the encounter. *E.g., United States v. Black,* 675 F.2d at 134. The reviewing court looks at the same factors.

Viewed in the light most favorable to defendant, the facts before the trial court were as follows. Defendant and his companion, Sanchez, were parked lawfully in a pickup on a dead-end street in Albuquerque. Defendant's vehicle was parked facing away from the dead end. While they were parked on the side of the road, not blocking traffic, a gray van carrying four police detectives drove up and parked directly in front and about a car length away from the pickup. The van was angled in front of the pickup. Four police detectives got out of the van and came toward defendant's vehicle. At least two of the four detectives were displaying their police badges at shoulder height. Detective Haury testified that he went to the passenger side of the vehicle, and, while standing next to it, he noticed contraband, specifically a syringe, a bottle cap, and a piece of foil containing a brownish powder residue, on the seat between defendant and Sanchez. (Although the parties do not emphasize it on appeal, we note the evidence was con-

flicting concerning the location in the vehicle of at least the syringe and the bottle cap, and thus it is possible that the trial court did not believe Detective Haury's testimony concerning the fact that the items were in plain view.)

■ On the facts of this case, the trial court could have found that a reasonable person in defendant's position would not have believed he was free to leave. The police officers used their vehicle to block defendant's vehicle, there were four police officers approaching the pickup truck, and the officers were invoking their authority as police officers by displaying badges.

Blocking a subject's vehicle is a form of physical restraint. *Cf. Brower v. County of Inyo,* 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (stopping of motorist by means of roadblock established for that purpose is seizure within meaning of fourth amendment). Ordinarily, a driver and passenger in a car whose progress is blocked by police would not believe themselves free to leave within the meaning of the fourth amendment. *See People v. Guy,* 121 Mich.App. 592, 329 N.W.2d 435 (1982) (officer seized occupant of car within meaning of the fourth amendment when the vehicle was parked in a driveway and the officer parked his own vehicle behind it, partially blocking the driveway, and then approached the defendant's vehicle); *see also United States v. Pavelski,* 789 F.2d 485 (7th Cir.), *cert. denied,* 479 U.S. 917, 107 S.Ct. 322, 93 L.Ed.2d 295 (1986) (seizure within the meaning of the fourth amendment occurred when several police vehicles were parked around defendant's vehicle). On the facts of this case, there was sufficient evidence to support a finding of physical restraint and a show of authority. Thus, the evidence supports a determination that a reasonable person would not have believed himself free to leave. *Compare United States v. Pajari,* 715 F.2d 1378 (8th Cir.1983) (where police officers parked behind defendant in parking lot and walked up to his car, there was no detention until they ordered defendant to raise his hands and get out of the car) *and State v. Marks,* 226 Kan. 704, 602 P.2d

1344 (1979) (no seizure within the meaning of the fourth amendment where officer approached parked car and asked questions but there was no evidence that police blocked the progress of the vehicle or otherwise suggested that defendants were not free to leave) *with State v. Epperson,* 237 Kan. 707, 703 P.2d 761 (1985) (defendants, who had parked their car and were walking away, were seized within the meaning of the fourth amendment when officer left the door of his police vehicle open, blocking the lane in which defendants' car was parked, approached the men, and addressed them).

The state argues that *Montoya* is closely analogous to this case. We disagree. In *Montoya,* the police officers approached defendant while he was sitting in his vehicle and saw the evidence while they were standing next to the vehicle. In *Montoya,* however, we noted there was no showing that the officers exercised any physical force or show of authority, or restrained the defendant prior to the time they observed the contraband in plain view. Thus, *Montoya* is distinguishable on its facts. *Powell* is also distinguishable because that case involved a valid stop.

The state appears to argue, in the alternative, that the protections of the fourth amendment do not apply because the police officers in this case approached Sanchez, the passenger in defendant's vehicle, to ask him questions concerning the possible whereabouts of a fugitive the police officers wanted to apprehend. The state contends that when the police are investigating a matter, they need neither probable cause nor a reasonable suspicion that an individual is involved in criminal activity in order to question him. In support of this argument, the state cites *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and *People v. Jordan,* 43 Ill.App.3d 660, 2 Ill.Dec. 182, 357 N.E.2d 159 (1976). Neither case supports the proposition that the police may restrain a person in order to question him, which is the critical issue in this case.

In *Dunaway,* the United States Supreme Court rejected the contention that police officers could take a suspect into custody for questioning on something less than a showing of probable cause sufficient to

support an arrest. Similarly, *Jordan* involved probable cause to arrest. In upholding the arrest as supported by probable cause, the Illinois appellate court emphasized that the initial encounter between the police and the defendant in that case, which consisted of the police leaning out of the squad car to ask defendant why he was running, was neither an arrest nor a *Terry* stop because there was nothing showing either an assertion of the officer's authority or a restraint on defendant. The court observed that an officer may ask questions of citizens, provided he does not confine or restrain the citizen without the citizen's consent.

■ In short, neither of these cases supports the proposition that a police officer may use force or restraint to detain a person in order to question him, even if the person is the suspect in a crime, unless the officer has a reasonable suspicion, based on articulable facts, that the law is being or has been broken. *See Florida v. Royer; Terry v. Ohio; see also State v. Cobbs,* 103 N.M. 623, 711 P.2d 900 (Ct.App.1985). If this is true of those suspected of a crime, it must be equally true of those the police do not suspect of a crime.

On the evidence presented at the hearing, viewed in the light most favorable to defendant, the trial court could correctly find that the police officers used both a show of force and a show of authority to restrain defendant, and that a reasonable person in defendant's position would not have believed he was free to leave. Thus, as a legal issue, the trial court was correct in ruling defendant was seized by the police within the meaning of the fourth amendment prior to the time Detective Haury stood next to the vehicle and noticed the contraband, allegedly in plain view. Accordingly, we affirm the order of the trial court suppressing the evidence in this case.

IT IS SO ORDERED.

BIVINS, C.J., and ALARID, J., concur.