This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38479**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JOSEPH SISNEROS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Jeff McElroy, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** The State appeals from the district court's order suppressing evidence. This Court's calendar notice proposed to affirm the district court. The State filed a memorandum in opposition to the proposed disposition. We have considered the State's arguments, and remaining unpersuaded, we affirm.

**{2}** In response to the proposed disposition, the State argues that the district court failed to properly consider the exigency claimed and instead focused on the amount of time available for the occupants to admit the officers, rather than determining whether

the particular facts and circumstances justified dispensing with the knock-and-announce requirement. [MIO 7-8] Specifically, the State asserts the exigency that the district court failed to properly consider is the destruction of evidence. There was testimony regarding the officers' concern that Defendant could be taking action to destroy files on his computer after he ran to the back of the house in response to seeing the officers approach the front door. [MIO 7] The State contends that because the officers saw Defendant using the computer, then take some action that caused the screen to change, and moved quickly to another part of the house, the district court should have considered how much time it would have taken for Defendant to manipulate the computer to begin the process of deleting files, rather than whether the officers should have waited a sufficient amount of time for Defendant to reach the front door and admit the officers. [Id.]

**{3}** The State relies on *State v. Lopez*, which provides that when the police claim an exigent need to enter, "the crucial fact in examining their actions is not time to reach the door but the particular exigency claimed." 2005-NMSC-018, ¶ 23, 138 N.M. 9, 116 P.3d 80 (internal quotation marks and citation omitted). [MIO 7] In *Lopez*, the exigency was based on the officers' belief that there were two to four individuals, including an alleged drug dealer, with access to multiple firearms in the home. *Id.* ¶ 25. Those facts formed "the basis for the officers' reasonable suspicion that the occupants had a propensity for violence and justified the exigency exception to the announcement rule." *Id.* In the present case, the exigency claimed was the potential destruction of evidence. The State points to testimony that based on the officer's training and experience, information on computers is easily deleted, including remotely by the operation of software designed to scrub the hard drive; the officer was concerned that because they observed Defendant using the computer before hurriedly walking away when he saw officers approach the door, Defendant could delete evidence before the computer could be seized and examined. [MIO 3]

**{4}** The district court did consider the particular exigency claimed—the destruction of evidence—and determined that it was unsupported by the evidence, as officers took no action upon entering to immediately seize the computer to stop the possibility it was in the process of deleting evidence. [1 RP 236-37] The State asserts that the district court "speculated" that Defendant was likely hiding the illicit material from the officers' view, rather than attempting to destroy the evidence. [MIO 4] However, the district court made an inference based on the facts, and not speculation. The district court found not only that it was more likely Defendant was trying to hide the contents on the computer screen, but that closing the screen would not have destroyed evidence on the computer. [1 RP 236] That the district court made an inference from the facts that was contrary to the State's does not render it erroneous. Indeed, we indulge in all reasonable inferences in support of the district court's decision, disregarding all inferences to the contrary. *See State v. Ulibarri*, 2010-NMCA-084, ¶ 7, 148 N.M. 576, 240 P.3d 1050 ("All reasonable inferences in support of the district court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded." (internal quotation marks and citation omitted)).

**{5}** The State further asserts that the district court erred in failing to balance the competing governmental interests and misperceived the totality of the circumstances. [MIO 8] The State contends that the sanctity of the home and the right to privacy were the sole interests at stake, and the search warrant was issued by a detached and neutral judicial officer who had already determined that those interests were outweighed by the government's interest to enter the residence to search for evidence of a crime. [MIO 8] Because the judicial officer had found probable cause to believe that evidence of a crime would be found in the residence, the State submits that officers had a right to enter the residence, with or without permission from the occupants. [MIO 8] We disagree. We acknowledge that "[a]n otherwise legal search pursuant to a warrant is not made unreasonable by an unannounced entry when privacy and occupant safety interests are minimal and the interests of law enforcement are strong." *State v. Attaway*, 1994-NMSC-011, ¶ 26, 117 N.M. 141, 870 P.2d 103. However, to show the interests of law enforcement are strong, an exigency must be established, as partial or noncompliance with the rule of announcement may only be excused if exigent circumstances are found to exist. *Id.*

**{6}** We have already determined that based on the district court's inferences, as made from the facts, the destruction of evidence did not establish an exigency to enter the home. We consider the inferences drawn from the facts as part of the fact-finding process, which is within the purview of the district court. *See State v. Lopez*, 1989-NMCA-030, ¶ 9, 109 N.M. 169, 783 P.2d 479 ("Fact[-]finding frequently involves selecting which inferences to draw."). Based on those inferences, which "will be indulged in," we affirm the district court's determination that an exigency was not established and that officers acted unreasonably in dispensing with the knock-and-announce requirement. *See Ulibarri*, 2010-NMCA-084, ¶ 7.

**{7}** Insofar as the State asserts for the first time on appeal that full compliance with the knock-and-announce requirement would have been futile [MIO 9], we construe the assertion as a motion to amend the docketing statement. However, the State does not set forth the bases required to amend the docketing statement. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (setting out the requirements for a motion to amend the docketing statement). Specifically, the State does not indicate how the issue was preserved or show why it did not have to be preserved. *See id.* ¶ 15. We therefore deny the motion to amend.

**{8}** For these reasons, and those stated in the notice of proposed disposition, we affirm.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**