467 P.2d 733

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**James Earl HILLIARD, Defendant-Appellant.**

**No. 445.**

Court of Appeals of New Mexico.

March 20, 1970.

**408**

Don Hancock, Alamogordo, for defendant-appellant.

James A. Maloney, Atty. Gen., Mark B. Thompson III, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

The residence of Sgt. Pitts was burglarized sometime between 7:50 P.M. and 9:00 P.M. His color television set was taken. This set was recovered from the trunk of defendant's car about 9:30 P.M. Defendant appeals his conviction of burglary, § 40A–16–3, N.M.S.A.1953 (Repl.Vol. 6). The issue is the validity of the police officer's action in stopping defendant's car as it was being driven on a public street. We hold the "stop" was constitutionally permissible and affirm.

Defendant moved to suppress the television set as evidence, and sought to exclude its admission as evidence during his trial. He asserts the seizure of the set was illegal because seized as an incident of an illegal arrest. This contention is based on the point in time when the arrest occurred and the "probable cause" for arrest at that point. See State v. Deltenre, 77 N.M. 497, 424 P.2d 782 (1966), cert. denied 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967).

Defendant seeks to have the validity of the seizure of the television set (there was no search) determined by whether there was probable cause for his arrest when stopped by the officer. This view was rejected in Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968). That case: (1) recognizes that the constitutional prohibition against unreasonable searches and seizures governs "* * * whenever a police officer accosts an individual and restrains his freedom to walk away, * * *"; (2) states that whenever such restraint occurs, the central inquiry is "* * * the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security * * *" and (3) holds that "* * * a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. * * *"

Thus, defendant's efforts to limit the inquiry to the moment he was stopped and to whether probable cause for arrest existed at that moment are misdirected. The issue, under Terry v. Ohio, supra, is the reasonableness of the invasion of the citizen's

personal security. State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969), states:

"* * * To justify such an invasion of a citizen's personal security, the police officer must be able to specify facts which, together with rational inferences therefrom, reasonably warrant the intrusion. These facts are to be judged by an objective standard—would the facts available to the officer warrant a person of reasonable caution to believe the action taken was appropriate?" (Citations Omitted)

The officer started his investigation of the burglary by going to the residence and obtaining information from Pitts. He had left the residence and was enroute to the police station when a car turned in front of him. The officer recognized defendant as the driver and followed defendant's car. The officer was able to get directly behind defendant's car within two or three blocks. The officer then turned his spotlight on defendant's car and defendant pulled to the side of the road and stopped.

What facts were available to the officer to warrant stopping defendant at that point? Pitts had given the officer two items of information. (1) On the afternoon prior to the burglary, defendant and Howard Jackson visited Pitts at his house. While there, defendant put his hand on the television set and said: "'Man, you have got some nice hocking material.'" (2) Later, Pitts was in a bar. Defendant and Jackson entered the bar. Pitts saw Jackson grab defendant by the arm and heard Jackson say: "'Man, Pitts is back, we have got to go get rid of that thing.'" Pitts immediately left the bar, went home, discovered the burglary and reported it to the police.

In addition, when defendant turned in front of the officer, the trunk of defendant's car was open about one foot, tied with a belt. The officer saw some sort of furniture in the car but was not sure what it was. He determined that the furniture was a television set as he walked from the police car to defendant's car. This identification of the furniture as a television set, however, did not occur until after defendant had stopped in response to the spotlight.

█ Three facts justified the officer in stopping defendant's car—defendant's reference to the television set as good "hocking" material; Jackson, upon seeing Pitts, telling defendant they had to "get rid of that thing;" and the officer's observation of unidentified furniture in the trunk of the car shortly after the burglary was reported. With this information, it would have been poor police work to have failed to investigate defendant. Terry v. Ohio, supra.

The officer's action was reasonable. The result of this constitutionally permissible "stop" was that the officer saw that the furniture being transported was a television set. At that point, the officer testified "I wouldn't let them go." At that point an arrest, defined as the initial stage of a criminal prosecution in Terry v. Ohio, supra, had occurred.

█ The substance of all the definitions of probable cause is a reasonable ground for belief of guilt. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Even if the officer did not have probable cause to arrest the defendant when he stopped defendant with his spotlight, he did have probable cause once he determined the furniture in the trunk was a television set. The seizure of the set as an incident to the arrest was proper. The television set was properly admitted into evidence. State v. Sedillo, 81 N.M. 47, 462 P.2d 632 (Ct.App.1969); State v. Lewis, supra; State v. Slicker, 79 N.M. 677, 448 P.2d 478 (Ct.App.1968).

The conviction and sentence is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.