560 P.2d 550

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy J. GALVAN, Defendant-Appellant.**

**No. 2760.**

Court of Appeals of New Mexico.

Feb. 8, 1977.

Paul M. Bohannon, Hinkle, Bondurant, Cox & Eaton, Roswell, for defendant-appellant.

Toney Anaya, Atty. Gen., Don D. Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge

This case involves an investigatory stop of an automobile. Defendant is charged with the burglary of and larceny from a dairy. Two officers stopped the vehicle

driven by defendant; after the stop defendant made incriminating statements, and the officers observed certain physical evidence. Defendant's motion to suppress this incriminating material was denied. We granted his application for an interlocutory appeal. We discuss: (1) investigatory stop, (2) the record to be reviewed, and (3) basis for the investigatory stop.

## Investigatory Stop

■ A police officer may, in appropriate circumstances, approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest *State v. Hilliard*, 81 N.M. 407, 467 P.2d 733 (Ct.App. 1970); see *State v. Frazier*, 88 N.M. 103, 537 P.2d 711 (Ct.App. 1975).

■ What are appropriate circumstances? Officers must have a reasonable suspicion that the law has been or is being violated. *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. McDevitt*, 508 F.2d 8 (10th Cir. 1974).

■ What is a reasonable suspicion? Officers must be "aware of specific articulable facts, together with rational inferences from those facts," and these facts and inferences must provide the basis for the suspicion. *United States v. Brignoni-Ponce*, supra. Unsupported intuition is insufficient. *United States v. Mallides*, 473 F.2d 859 (9th Cir. 1973). An inarticulate hunch is insufficient. *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App. 1972).

■ How is reasonable suspicion to be judged? The facts and inferences are to be judged by an objective standard: Would the facts available to the officer warrant the officer, as a person of reasonable caution, to believe the action taken was appropriate? *State v. Hilliard*, supra.

## The Record to be Reviewed

■ The transcript before us is the transcript of the preliminary hearing. Inferring that there may be evidence not disclosed at the preliminary hearing, the State asserts: "It does not appear that the state specifically examined the officers on the facts and circumstances leading up to the investigatory stop, therefore, all the evidence which is before the court on the issue was brought out on cross examination at the preliminary hearing by defense counsel." The trial court's order recites that the motion to suppress "was submitted upon an agreed transcript of testimony at Preliminary Hearing." The trial court ruled on the basis of the "agreed" transcript. The claim that the State failed to present all its evidence will not be considered because raised for the first time on appeal. N.M. Crim.App. 308.

■ The two officers testified at the preliminary hearing. They were a deputy sheriff and a jailer. Defendant asks us to "weigh" the jailer's testimony and, in effect, to disregard it. We decline to do so. ". . . [I]t is for the appellate court to determine only whether the evidence, viewed in the light most favorable to the finding and considering the degree of proof required, substantially supports the finding." *State v. Bidegain*, 88 N.M. 466, 541 P.2d 971 (1975).

We consider the testimony of both officers as that testimony appears in the "agreed" transcript.

## Basis for the Investigatory Stop

The deputy and the jailer were patrolling East Grand Plains Road south of Roswell. This is a county road which connects with highways at each end. Although the record is not clear, apparently the dairy is reached from this county road.

The time was about 2:00 a. m. The officers noticed defendant's vehicle when it was approximately two miles away. The vehicle had its lights on; no improper driving was observed. Defendant's car turned off the county road onto a road that dead-ends in a field. The officers caught up with defendant's vehicle and stopped it. There is nothing in this record indicating the stop

was for the purpose of checking driver's licenses or registration papers. See *State v. Bidegain*, supra; *United States v. Jenkins*, 528 F.2d 713 (10th Cir. 1975).

The deputy testified that he was patrolling, shining his spotlight, when he saw defendant's car *approaching*. The deputy pulled off the road, stopped, and turned off his lights. The deputy "was going to wait for the vehicle to come by so I could see what it looked like, see what the license number was and maybe run a registration check on it. The vehicle turned off the roadway." The dead-end road was unmarked.

"Q. So when he turned down the road, am I correct in assuming that was the first time—that is what keyed you in to going after him and checking it out.

"A. That was not the first time that I became suspicious of him but that did cause me to turn on my lights and go down after him.

"Q. Now let's talk about the first time that you became suspicious. What caused you to be suspicious.

"A. The lateness of the hour, the fact that I have been a policeman for eight years—just intuition.

"Q. Just gut reaction more than anything.

"A. Something like that, yes sir."

According to the jailer, the patrol car and defendant's car may have been traveling in the same direction with the patrol car in front. The jailer testified that the only thing unusual was "as we moved they moved and as we slowed down and stopped they turned off."

On the basis of the testimony of the deputy and the jailer, the State asserts that a reasonable inference is that defendant saw the spotlight of the patrol car and took evasive action. We assume that if the facts support a reasonable suspicion that defendant was evading the patrol car, that the officers could make an investigatory stop. We do not agree that such an inference is a reasonable one in this case.

We have previously pointed out that a reasonable suspicion must be based on specific articulable facts and the rational inferences from those facts. This requirement eliminates the following portions of the evidence from consideration.

■ 1. The "as we moved they moved" testimony does not support an inference of repetitive conduct on the part of defendant. This testimony of the jailer, read in context, states no more than what the deputy said—both cars were in motion, the patrol car stopped, and defendant turned off.

■ 2. To the extent the deputy's suspicion was based on eight years experience, we have only a conclusion unsupported by any explanation as to the type of experience or how that experience provided a basis for action. Compare *State v. Santillanes*, 89 N.M. 727, 557 P.2d 576, (Ct.App.) decided November 23, 1976; *State v. Blea*, 88 N.M. 538, 543 P.2d 831 (Ct.App. 1975).

3. We have previously pointed out that unsupported intuition or an inarticulable hunch does not provide the basis for a reasonable suspicion.

What, then, is left? We have the following facts: (1) it was in the early morning hours; (2) the officers, intending to check the license number of defendant's car, pulled off the road, stopped and turned off the lights of the patrol car; (3) defendant's car turned off the county road onto an unmarked dead-end road; (4) the stopping of the patrol car and defendant's turn occurred at approximately the same time.

We agree with the State that it can be inferred there was no other traffic on the road and that the occupants of each car were aware of the other vehicle. There is nothing, however, supporting an inference that defendant knew the other car was a patrol car. Use of the spotlight adds nothing because of the common practice of "spotlighting" in non-urban areas. If the distance factor suggests anything, it is that defendant did not know the other vehicle was a patrol car when defendant turned onto the dead-end road. When the patrol car had traveled on the dead-end road a

"100 feet or so" it was "two or three city blocks behind the vehicle at the time." As soon as the red light of the patrol car was turned on, defendant pulled over.

Turning onto an unmarked dead-end road in the early morning hours at the same time as another vehicle stops and turns out its lights is neutral conduct. These actions of defendant did not provide the officers, as persons of reasonable caution, with a reasonable suspicion that the law had been or was being violated. See *United States v. Brignoni-Ponce,* supra; *United States v. McDevitt,* supra; *United States v. Mallides,* supra; *United States v. Carter,* 369 F.Supp. 26 (D.C.Mo. 1974); *Brown v. State,* supra.

The order denying the motion to suppress is reversed. The cause is remanded with instructions to grant the motion to suppress and exclude the suppressed evidence in further proceedings against defendant.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.