566 P.2d 103

STATE of New Mexico, Plaintiff-Appellee,

v.

Linda Schad HALL, Defendant-Appellant.

No. 2933.

Court of Appeals of New Mexico.

May 31, 1977.

Rehearing Denied June 10, 1977.

Bruce Lowenhaupt, Las Cruces, Joseph (Sib) Abraham, Jr., Charles Louis Roberts, El Paso, Tex., for defendant-appellant.

Toney Anaya, Atty. Gen., John J. Duran, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

■ The question in this interlocutory appeal is whether officers had a sufficient basis for making an investigatory stop of defendant's vehicle. This question is to be answered by applying the test stated in *State v. Galvan*, 90 N.M. 129, 560 P.2d 550 (Ct.App. 1977). The test is whether the officers had a reasonable suspicion that the law had been or was being violated. The suspicion must be based on specific articulable facts and the reasonable inferences therefrom; the facts and inferences are to be judged by an objective standard. On the basis of the facts known to the officers, would a person of reasonable caution believe the investigatory stop was appropriate? We hold there was a basis for the investigatory stop.

Two men attempted to rent a car at the Holiday Inn in Las Cruces. They were unsuccessful because of insufficient identification. They left the Holiday Inn in a cab and went to the Travelodge. At the Travelodge they entered Room 103. About five minutes later, three persons emerged from the room, entered the cab and were taken to the airport. Enroute to the airport one of the men asked "if you think the stuff will be all right until we get back."

A Cadillac was parked in front of Room 103. It was registered to Etheleen Schad of El Paso, Texas. Registration for Room 103 was in the name of Mr. and Mrs. Linda Schad Hall of Fort Worth, Texas.

Defendant left Room 103 and placed some items in the Cadillac. She inquired at the Travelodge office for directions to Denny's Restaurant. She did not go to the restaurant. She left Las Cruces and drove east toward Alamogordo; she was stopped near the turnoff to White Sands Missile Range.

The Cadillac was heavily loaded. It would weave erratically when lane changing or stopping for traffic lights in Las Cruces. On the highway it would weave across the center line and also onto the highway shoulder. When the car hit a bump, it was as if there was uncontrolled motion. The size of the vehicle, its load in the back, its rate of speed and the weaving were consistent, in the officers' experience, with cars hauling marijuana. See *State v. Santillanes*, 89 N.M. 727, 557 P.2d 576 (Ct. App. 1976).

■ Defendant had been in the motel room visited by men concerned with the safety of their "stuff". The motel registration used an address different than the address on the car registration. Defendant left town in a heavily loaded car after asking for directions to a restaurant. The car, its loaded condition and the way it handled while being driven was consistent with cars hauling marijuana. With these facts, and the inferences therefrom, the trial court could properly conclude that the officers, as men of reasonable caution, acted appropriately in making an investigative stop. *State v. Bloom*, 90 N.M. 192, 561 P.2d 465 (1977).

Once the car was stopped, the officers smelled a strong odor of raw marijuana. They searched the car and recovered over 800 pounds of marijuana. Defendant does not claim that after being stopped the officers lacked probable cause to search.

The order denying defendant's motion to suppress is affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

HENDLEY, J., dissenting.

HENDLEY, Judge (dissenting).

I dissent.

The majority holds that the facts and the inferences therefrom permitted the trial court to conclude that the officers, as men of reasonable caution, acted appropriately in making the stop. I cannot so conclude. The behavior and the happenings were not inconsistent with innocent behavior. The happenings were consistent with innocent behavior.

The officers may have had a "suspicion" or a "hunch" but they certainly could not conclude, as reasonable men of caution, that the law had been or was being violated. See *State v. Galvan*, 90 N.M. 129, 560 P.2d 550 (Ct.App. 1977) and cases cited therein.

Accordingly, I dissent. The motion to suppress should have been granted.