570 P.2d 605

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**William B. RAY, Defendant-Appellant.**

**No. 3070.**

Court of Appeals of New Mexico.

Aug. 23, 1977.

Morris D. Stagner, Stagner, Higginbotham & Oas, P. A., Roswell, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The search and seizure question in this interlocutory appeal involves (1) justification for the officers' initial intrusion into a pickup truck, and (2) § 64–22–8.1, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 2).

A deputy sheriff and a narcotics officer of the Roswell Police Department, while in plain clothes in an unmarked car, observed a vehicle approaching them from the rear at a high rate of speed. They made a sharp right turn to avoid being rear-ended. As the vehicle passed under a street light they saw that the vehicle was a late model pickup of a light tan color.

The officers chased the pickup but never got closer than a block or two; the officers' car was not fast enough to catch the pickup. During various turns the officers would lose sight of the pickup but then would again recognize it as it passed under a street light.

During the chase, in addition to the speed, the officers observed erratic driving—leaving the pavement on the right, crossing to the left of the centerline. The officers never got close enough to determine the number of occupants in the pickup. The officers, twice, called for assistance from a marked police unit; however, the marked unit did not arrive until the events in question had occurred.

An inference from the record is that the officers came upon the pickup they had tried to catch. It was stopped in front of a residence. The driver's seat was empty. A male and female passenger were sitting in the pickup, the male next to the window. As the officers pulled in behind the pickup,

the narcotics officer turned on a portable red light mounted on the dash of the unmarked car to "more or less try to identify myself as a Policeman."

The narcotics officer went to the driver's side and looked into the pickup. The deputy went to the passenger's side and identified himself as a police officer. The deputy knocked on the window and asked the male passenger to roll the window down. The male passenger did not comply.

The deputy opened the pickup door, observed bullets on the floor near the male passenger's feet and smelled marijuana smoke. The deputy searched both passengers for weapons. In searching the female's coat he discovered a "roach", described as a partially burned cigarette, in a coat pocket. The roach smelled of marijuana. An open bottle of beer was found on the floorboard near the female passenger's feet.

We need not sort out the exact time sequence of the subsequent events. The driver, who had returned, and the male passenger were arrested for allowing themselves to be served with intoxicating liquors; the record indicates that both were under the legal drinking age. The pickup was searched and over two pounds of marijuana was discovered in the pickup.

Defendant moved to suppress the marijuana as evidence; the motion was denied. We granted an interlocutory appeal.

*Justification for Intrusion into Pickup*

Once the deputy opened the door of the pickup he acquired facts justifying his procedure thereafter. The issue is the "point of the initial intrusion". Was it justified?

■ The officers were under a statutory duty to investigate "all violations of the criminal laws . . . which are called to the attention". Section 39–1–1, N.M.S.A. 1953 (2d Repl. Vol. 6). An officer may, in appropriate circumstances, approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. The officer must have a reasonable suspicion that the law has been or is being violated.

The suspicion must be based on specific articulable facts and the reasonable inferences therefrom. The facts and inferences are to be judged by an objective standard. On the basis of the facts known to the officer, would a person of reasonable caution believe the action taken was appropriate? *State v. Hall,* 90 N.M. 554, 566 P.2d 103 (Ct.App.1977); *State v. Galvan,* 90 N.M. 129, 560 P.2d 550 (Ct.App.1977).

■ There is evidence that the officers went to the pickup "to find out what exactly was going on, why this pickup was traveling at an excessive rate of speed and driving erratic, and exactly what the problem was." After the officers' observations and unsuccessful chase, they clearly were justified in making such an investigation.

Upon reaching the pickup and observing that the driver was not present, the deputy's action in making inquiries of the passengers was also clearly appropriate. The deputy identified himself as a police officer and asked the male passenger to roll down the window; there was no response. The male passenger "appeared incoherent and lack understanding of what I wanted." At that point, the deputy opened the pickup door. "Why did you open the pickup door?" "So, I could speak with the person inside."

The opening of the pickup door was appropriate and was reasonable in light of the facts known to the officer as he approached the pickup and the additional facts gained before opening the pickup door. The deputy specified facts which warranted the deputy, as a person of reasonable caution, in opening the pickup door. *State v. Hall,* supra; *State v. Galvan,* supra. The initial intrusion into the pickup was justified.

*Section 64–22–8.1, supra*

Defendant asserts the warrantless search cannot be justified as being pursuant to a lawful arrest; "that neither of the two officers had any authority under New Mexico law to arrest the Defendant or anyone else for Reckless Driving." This contention is based on evidence that the purpose of the officers, in approaching the stopped pickup,

**70**

was to arrest the driver for reckless driving. Defendant relies on § 64–22–8.1, supra, which reads:

"No person shall be arrested for violating the Motor Vehicle Code or other law relating to motor vehicles punishable as a misdemeanor except by a full-time, salaried peace officer who, at the time of arrest, is wearing a uniform clearly indicating his official status."

The statute is not applicable for two reasons.

First, there was no arrest for violating the Motor Vehicle Code and no arrest for violating any law relating to motor vehicles which was punishable as a misdemeanor. The arrests in this case were for violations of the liquor and narcotics laws. Sections 46–10–12, N.M.S.A.1953 (Repl. Vol. 7, Supp. 1975) and 54–11–23(B)(3), N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1975).

Second, § 64–22–8.1, supra, does not prevent officers from carrying out their duty to investigate possible criminal behavior even if the officers are not in uniform. The statute may prevent an arrest if the arrest is to be for violations covered by the statute and the officer is not in uniform. In those circumstances the plain clothes officer would have to wait for the arrival of the uniformed officer. The statute was not applicable to the investigation carried out by the officers in this case.

The order denying the motion to suppress is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.