760 P.2d 1302

STATE of New Mexico, ex rel, TAXATION AND REVENUE DEPARTMENT MOTOR VEHICLE DIVISION, Plaintiff–Appellee,

v.

Joannes J. VAN RUITEN, Defendant–Appellant.

No. 9796.

Court of Appeals of New Mexico.

June 28, 1988.

Certiorari Denied Aug. 9, 1988.

Beverly Martinez, Sp. Asst. Atty. Gen., Taxation & Revenue Dept., Motor Vehicle Div., Wanda Wilkinson, Staff Atty., Transp. Dept., Santa Fe, for plaintiff-appellee.

Gilbert A. Gutierrez, Van Soelen, Greig & Gutierrez, Clovis, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant Van Ruiten appeals from an order of the trial court revoking his driver's license for failure to submit to a blood-alcohol test. On appeal defendant argues

that: (1) the police officer did not have reasonable grounds to stop his vehicle; and (2) the trial court erred in denying his motion for recusal and his motion to strike plaintiff's requested findings of fact and conclusions of law. We affirm.

Shortly before noon on November 2, 1985, state police Officer Jerry Varnell was patrolling State Road 18 between Dora and Portales. Officer Varnell received a radio dispatch from the Portales Police Department informing him that an individual suspected to be a drunk driver was driving a blue and white Ford pickup truck bearing license number HK–3518. An unidentified person had phoned police and informed the dispatcher, Jeff Wilkerson, that he had observed a man in a 7–11 store in Portales who was very intoxicated. The citizen-informer told the dispatcher that the intoxicated man had left the store in the described vehicle and was observed to be heading south on State Road 18.

Approximately fifteen minutes later, Officer Varnell saw a vehicle matching the description going south on State Road 18. Officer Varnell checked the speed of the vehicle and found it to be within the permissible limit. He followed the vehicle for about one-half mile before stopping it. The officer administered several field sobriety tests and arrested defendant when he determined that defendant failed these tests. Defendant refused to take a blood-alcohol breath test.

## I. BASIS FOR STOPPING THE VEHICLE

Under the Implied Consent Act, NMSA 1978, Sections 66–8–105 to –112 (Repl. Pamp.1987), the administrative hearing is limited to certain issues including:

(1) whether the law enforcement officer had reasonable grounds to believe that the person had been driving a motor vehicle within this state while under the influence of intoxicating liquor; (2) whether the person was arrested; * * * (4)(a) whether the person refused to submit to a test; and (b) whether the law enforcement officer advised [the person] that the failure to submit to a test could result in revocation of his privilege to drive[.]

§ 66–8–112(E). Defendant does not contest the determination of both the director and the trial court that reasonable grounds existed for the revocation of his driver's license. Instead he argues that the police officer that stopped his vehicle did not have reasonable grounds to make an investigatory stop. Section 66–8–112(E) does not expressly mention "investigatory stops"; however, we assume, as do the parties, that such is implicit in the issues to be decided at the administrative hearing.

The parties argue the propriety of the stop as if this were a criminal case. This is an appeal from an administrative proceeding to revoke defendant's driver's license. We need not decide whether a lesser standard applies. We hold the stop legal under the standard for criminal cases.

▆▆▆ A police officer may, in appropriate circumstances approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Galvan*, 90 N.M. 129, 560 P.2d 550 (Ct.App.1977). The officer must have a reasonable suspicion that the law has been or is being violated. *State v. Galvan*. If a stop is made by a police officer, he must have specific, articulable facts which give rise to a reasonable suspicion that a law has been or is being violated. *State v. Ray*, 91 N.M. 67, 570 P.2d 605 (Ct.App.1977). The facts and inferences are to be judged by an objective standard. *Id.* In analyzing the sufficiency of the facts and inferences, the critical inquiry is: "Would the facts available to the officer warrant the officer, as a person of reasonable caution, to believe the action taken was appropriate?" *State v. Cobbs*, 103 N.M. 623, 626, 711 P.2d 900, 903 (Ct.App. 1985) (quoting *State v. Galvan*, 90 N.M. at 131, 560 P.2d at 552).

▆▆▆ We first examine the facts available to Officer Varnell and determine what

inferences logically flow from those facts. Officer Varnell had received a dispatch describing a vehicle traveling south on State Road 18, possibly driven by a person under the influence of intoxicating liquor. While traveling north on that road, Officer Varnell spotted the described vehicle traveling south. He turned around and followed the vehicle for approximately one-half mile before verifying that it was the vehicle described in the dispatch.

The next inquiry is whether the information relayed in the dispatch, coupled with the officer locating and identifying the vehicle would warrant a person of reasonable caution in believing that defendant was violating a law justifying an investigatory stop. *State v. Ray.* Defendant argues that if the police receive a tip, there must be corroborating evidence to establish the reliability of the information. *See State v. Jones,* 96 N.M. 14, 627 P.2d 409 (1981). This corroboration is only required to establish probable cause for arrest.

In a case similar to the one before us, the Supreme Court of Vermont upheld the grounds for stopping an intoxicated driver. In *State v. Lambert,* 146 Vt. 142, 499 A.2d 761 (1985), a police officer, although without personal knowledge and observing no erratic behavior before the stop, based the stop of defendant's car on third-hand hearsay. A woman notified the police that her daughter called to say another daughter and two young grandchildren were riding with the woman's husband, who was intoxicated. The woman gave the police a description of the car, the license plate number, the names of the occupants, and a general description where the car could be located. While the familial relationship of the .caller in *Lambert* no doubt lent credibility, absent an indication to the contrary, we believe the information given here from a citizen-informant could be relied on by the officer to raise a reasonable suspicion.

In *State v. Michael G.,* 106 N.M. 644, 647, 748 P.2d 17, 20 (Ct.App.1987), this court held that:

[C]itizen-informants are subject to much less stringent credibility verification re-

quirements than ordinary police informants' statements * * *. A person who purports to be a witness or a victim of a crime may be presumed reliable, although police and other government officials must remain alert to the existence of particular circumstances that would indicate unreliability. [Citations omitted.]

In this case, the officer had sufficient information to form a reasonable suspicion that defendant was driving while intoxicated. Based on that reasonable suspicion, the officer had a reasonable basis for stopping defendant in order to investigate.

## II. CLAIM OF IMPARTIALITY: FAILURE TO STRIKE REQUESTED FINDINGS AND CONCLUSIONS

■ Defendant argues that the conduct of the trial court in attempting to obtain plaintiff's requested findings and conclusions gave rise to an appearance of impropriety. He argues that the appearance of impropriety occurred because of the trial court's apparent personal interest in ensuring that the state submit its requested findings and conclusions. Defendant asserts that this action violated the rule that no judge should sit in any cause in which he has an interest. *See* SCRA 1986, 21–200; 21–400. We disagree with defendant's analysis. An " 'interest' necessary to disqualify a judge must be a present pecuniary interest in the result, or actual bias or prejudice, and not some indirect, remote, speculative, theoretical or possible interest." *State ex rel. Anaya v. Scarborough,* 75 N.M. 702, 705, 410 P.2d 732, 734 (1966); *State ex rel. Bardacke v. Welsh,* 102 N.M. 592, 698 P.2d 462 (Ct.App.1985); *see also* Rule 21–400. The alleged bias and prejudice must stem from an extrajudicial source and must result in a decision on a basis other than what the judge learned from sitting in the particular case. *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 629 P.2d 231 (1980), *appeal dismissed & cert. denied,* 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981).

In this case, the trial court's decision had already been made and the parties had been informed of its ruling. Because the trial court had decided in plaintiff's favor, it was reasonable for the trial court to want to see requested findings of fact and conclusions of law from plaintiff. We cannot say that its request for those findings and conclusions shows a bias or prejudice that would necessitate recusal.

 Defendant argues that, because the findings and conclusions were untimely filed, they should be stricken. The cases cited by defendant for this proposition, however, are inapposite. In those cases, the party appealing failed to request findings and conclusions and this court held that it would not review evidence where the appellant fails to tender specific findings and conclusions. *See Dillard v. Dillard*, 104 N.M. 763, 727 P.2d 71 (Ct.App.1986); *Pedigo v. Valley Mobile Homes, Inc.*, 97 N.M. 795, 643 P.2d 1247 (Ct.App.1982); *Fidelity Nat'l Bank v. Lobo Hijo Corp.*, 92 N.M. 737, 594 P.2d 1193 (Ct.App.1979). Such is not the case here. Plaintiff did not fail to file requested findings and conclusions and then seek a review of the evidence on appeal. It is not improper for a trial judge to request counsel to submit requested findings of fact and conclusions of law.

The issue in this case is similar to a trial court's granting of continuances, extensions of time or amendments of pleadings. These matters are within the sound discretion of the trial court. *Cf. Camp v. Bernalillo County Medical Center*, 96 N.M. 611, 633 P.2d 719 (Ct.App.1981) (granting or denying of motion of continuance rests in the sound discretion of the trial court and will not be interfered with except for a showing of an abuse of discretion). This court's review is limited to whether the trial court abused its discretion in allowing plaintiff to file its requested findings of fact and conclusions of law more than ten days after the trial court entered its decision. An abuse of discretion occurs when the trial court's ruling is clearly against all logic under the circumstances before the court. *Jaramillo v. Fisher Controls Co.*, 102 N.M. 614, 698 P.2d 887 (Ct.App.1985). We do not find that it was against all logic for the trial court to allow plaintiff to file its requested findings and conclusions beyond the ten-day limit of the local rule.

The revocation of defendant's driver's license for failure to submit to a blood-alcohol test is affirmed. The denials of defendant's motion to recuse and his motion to strike plaintiff's requested findings and conclusions are also affirmed.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.