This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                 **No. 30,339**

**DOUGLAS G. VEENSTRA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Raul A. Lopez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant contends the district court improperly denied his motion to suppress. We issued a calendar notice proposing to reverse, and the State filed a timely memorandum in opposition, pursuant to an extension. We remain unpersuaded by the State's arguments and reverse.

Officer Fairhurst stopped a vehicle in which Defendant was a passenger after receiving a dispatch to an audible alarm. [DS 2; MIO 1-2] The officer did not investigate the address of the alarm prior to stopping the vehicle; he encountered Defendant's vehicle approximately a mile away from the residence as he approached. [MIO 2] The officer's testimony indicates, at the time of the stop, the officer did not observe the vehicle breaking any traffic laws, but rather the officer stopped the vehicle because it was 3:09 a.m., and it was the only vehicle on the roadway in the general area of the alarm. [DS 2; MIO 2] The officer had not received any information specifically linking the vehicle to the alarm. [DS 4] In fact, the officer had not received any information from any source regarding suspicious vehicles or suspicious individuals in the area. [Id.] The alarm was later determined to be a false alarm. [DS 3]

After stopping the vehicle and approaching, the officer observed a yellow crow bar next to Defendant. [DS 2] He also testified Defendant was nervous and was "moving around" in the vehicle. [Id.] When the officer inquired where Defendant

2

and the driver had come from and where they were going, their responses did not make sense to the officer because the road on which they were traveling was not a thoroughfare to either of the locations they described. [DS 2-3]

The officer asked Defendant to step out of the car. [DS 3] During a patdown for weapons, the officer noticed what appeared to be a check book in Defendant's breast pocket and asked Defendant to remove it and show it to him. [Id.] When the officer opened the check book, he observed it did not belong to Defendant. [Id.] He also found a license that did not belong to Defendant. [Id.] Defendant was arrested and charged with four felony counts of identity theft. [Id.]

Defendant brought a motion to suppress, arguing both the seizure and the subsequent search were unconstitutional. [RP 36] The district court denied the motion to suppress [RP 46], and Defendant entered into a conditional plea agreement. [RP 51]

The district court's ultimate ruling on Defendant's motion to suppress involves mixed questions of fact and law. *See State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. In reviewing the district court's decision on a motion to suppress, we determine "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). We

defer to the district court's findings of fact to the extent they are supported by substantial evidence. *Id.* However, we "review the application of the law to these facts, including determinations of reasonable suspicion, under a de novo standard of review." *State v. Patterson*, 2006-NMCA-037, ¶ 13, 139 N.M. 322, 131 P.3d 1286. We will employ all reasonable presumptions in support of the district court's ruling. *See Jason L.*, 2000-NMSC-018, ¶ 11. We will also presume the court believed all uncontradicted evidence. *Id.*

When an officer stops an automobile to investigate a possible crime, we analyze the reasonableness of the stop and ensuing investigatory detention in accordance with the two-part test in *Terry v. Ohio*. *See State v. Duran*, 2005-NMSC-034, ¶ 23, 138 N.M. 414, 120 P.3d 836. We ask whether the stop was justified at its inception and whether the officer's actions during the stop were reasonably related to circumstances that justified the stop. *Id.* In order for the stop to be justified at its inception, "[t]he officer, looking at the totality of the circumstances, must be able to form a reasonable suspicion that the individual in question is engaged in or is about to be engaged in criminal activity." *State v. Contreras*, 2003-NMCA-129, ¶ 5, 134 N.M. 503, 79 P.3d 1111. "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *Jason L.*, 2000-NMSC-018, ¶ 20. "[U]nsupported intuition or an

4

inarticulable hunch does not provide the basis for a reasonable suspicion." *State v. Galvan*, 90 N.M. 129, 132, 560 P.2d 550, 553 (Ct. App. 1977).

Here, we hold that the officer lacked sufficient reasonable suspicion to justify the stop. While we agree with the State that we "look at the totality of the circumstances" when evaluating whether reasonable suspicion existed at the time of the stop [MIO 4], we disagree with the State that such an analysis supports the stop in this case. This particular stop was not supported by a tip from a source regarding a make or model of a vehicle leaving the location of the audible alarm, which might have matched the vehicle in which Defendant was traveling. *See, e.g.*, *State v. Urioste*, 2002-NMSC-023, ¶ 17, 132 N.M. 592, 52 P.3d 964 (upholding a stop based on corroborated details). [MIO 11] The officer did not have any details as to a specific route that might have been taken by a suspect. *See State v. Watley*, 109 N.M. 619, 623, 788 P.2d 375, 379 (Ct. App. 1989) (upholding the stop of a defendant where the defendant was the lone traveler in the immediate vicinity of the area of the reported crime and the defendant was traveling on the road upon which a witness claimed to have seen a man fleeing in a ski mask). The officer did not observe the vehicle in close proximity to the location of the alarm, but rather the vehicle was observed approximately a mile away from the scene. *See State v. Erik K.*, 2010-NMCA-040, ¶¶ 3, 11, 24, ___ N.M.___, ___ P.3d___ (holding there was insufficient

evidence of reasonable suspicion where the defendant was found walking two blocks from the report of criminal activity and the defendant and his friend were the only two individuals in the area). Further, the officer did not observe Defendant exhibit any suspicious behavior prior to the stop. *See State v. Lackey*, 2005-NMCA-038, ¶¶ 9, 14, 137 N.M. 296, 110 P.3d 512 (holding there was insufficient evidence of reasonable suspicion where officers merely observed the defendant twice circling the scene of an accident). The only reason the officer stopped the vehicle in which Defendant was a passenger was its relative proximity to the alarm and the time of night. This is insufficient under the facts of this case.

We also note that we agree with the State that reasonable suspicion may sometimes be based on what later turns out to be innocent conduct [see MIO 7], because reasonable suspicion is based on the facts known to the officer at the time of the stop. However, we disagree with the State that the facts in this case, taken together, constitute reasonable suspicion that Defendant was engaged in criminal activity at the time of the stop. [MIO 8] Reasonable suspicion requires a particularized suspicion that a defendant was breaking or had broken the law. *State v. Garcia*, 2009-NMSC-046, ¶¶ 44-46, 147 N.M. 134, 217 P.3d 1032 (noting that merely observing a defendant walking in the vicinity of a possible crime was not necessarily sufficient to support a reasonable suspicion that the defendant was the

6

responsible party where the officer did not have a description or prior contact to independently establish the defendant's identity as the possible perpetrator). Here, Defendant was a passenger in a car traveling on a public roadway approximately one mile from the scene of a possible crime.

We hold the simple act of traveling in a vehicle in the middle of the night in the general area of a possible crime is not enough to constitute reasonable suspicion that the passenger was engaged in criminal activity. *State v. Williams*, 2006-NMCA-062, ¶ 23, 139 N.M. 578, 136 P.3d 579 ("In examining the reasonableness of an officer's suspicion, we objectively consider the totality of the circumstances, including all the information the officer possessed at the time."). We also decline the State's apparent invitation to examine authority outside of New Mexico law. [*See, e.g.*, MIO 5, 7-8, 10] We see no reason to depart from our already developed case law in this area.

We therefore reverse the district court's order denying the motion to suppress.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**