This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 35,628**

**HARRISON TAHE, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the

conviction. Defendant has filed a memorandum in opposition, in which he continues to argue that the traffic stop that led to his arrest and conviction was not supported by reasonable suspicion. [MIO 1] After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Because the pertinent background information and applicable principles were previously set out in the notice of proposed summary disposition, we will avoid lengthy reiteration here. To very briefly summarize, Deputy Charley initiated the stop after a clerk at the Hogback convenience store reported that an individual driving a very specific vehicle appeared to be intoxicated. [MIO 2-3; RP 61, 68] Deputy Charley promptly located the vehicle. [RP 61-62] When he caught up to it, he observed that it had stopped in the road and was signaling a left turn into a one-way exit lane from a high school parking lot. [RP 62-63]

{3}     As we observed in the notice of proposed summary disposition, the tip, together with the officer's observations, justified the traffic stop. *See State v. Lope*, 2015-NMCA-011, ¶ 23, 343 P.3d 186 (observing that "investigatory stops based on anonymous tips describing possible drunk driving are justified, where information provided by the tip such as a description and location of the vehicle, was corroborated"); *State v. Contreras*, 2003-NMCA-129, ¶¶ 2, 21, 134 N.M. 503, 79 P.3d 1111 (holding that an anonymous tip notifying police about a possible drunk driver supported an investigatory detention, where the information was detailed and the

2

caller was an apparent eyewitness to erratic driving); *State ex rel. Taxation & Revenue Dep't v. Van Ruiten*, 1988-NMCA-059, ¶¶ 2-3, 6-11, 107 N.M. 536, 760 P.2d 1302 (holding that an unidentified caller's report that a man at a convenience store who was apparently intoxicated had driven away in a vehicle, which was described with sufficient particularity that the police were able to locate it fifteen minutes later, supplied an adequate basis for an investigatory stop and DWI investigation).

{4} Defendant contends that the caller's failure to specify why he believed the driver was intoxicated, the tipster's failure to accurately identify the driver's gender, and the absence of other indicia of reliability or credibility should be deemed fatal deficiencies. [MIO 1, 5-7] We disagree. The situation addressed in *Van Ruiten* is virtually indistinguishable from the fact pattern presented in this case, and contrary to Defendant's suggestion, [MIO 8] the *Contreras* opinion cites *Van Ruiten* with approval. *See Contreras*, 2003-NMCA-129, ¶ 10. As such, it remains authoritative. We further note that *Contreras* recognizes a presumption that citizen-informants are inherently reliable, *id.* ¶¶ 10-11, a presumption that is enhanced "if it is apparent that the informant observed the details personally." *Id.* ¶ 12. In this case, the caller provided such specificity with respect to the vehicle description and location, and stated his or her concern about DWI with sufficient clarity, that personal observation of detail may properly be inferred. *See id.* (noting that a specific description of the car,

3

its location, and movement reasonably support a conclusion that caller had personally observed the vehicle). Nothing further was required.

{5} In his memorandum in opposition, Defendant further contends that the officer's observation of Defendant's apparent intent to make an illegal turn into the high school parking lot should not be regarded as independent corroboration of erratic or careless driving. [MIO 9-10] Although such corroboration is unnecessary, *see Lope*, 2015-NMCA-011, ¶ 23, we note our disagreement. Deputy Charley's unequivocal testimony reflected that Defendant's vehicle was originally stopped short of the intersection, with its turn indicator signifying the intent to turn into the exit-only lane. [RP 62-63] That observation was consistent with careless or erratic driving, and its value (whether for purposes of corroboration or as an independent basis for initiating the traffic stop) is not eliminated by Defendant's change of course as Deputy Charley approached. *See generally State v. Anaya*, 2009-NMSC-043, ¶ 12, 147 N.M. 100, 217 P.3d 586 ("[R]easonable suspicion does not require the officer to [actually] observe illegal activity."); *see, e.g.*, *State v. Brennan*, 1998-NMCA-176, ¶¶ 2, 12, 126 N.M. 389, 970 P.2d 161 (holding that, regardless of whether the defendant was ultimately convicted of careless driving, the officer had reasonable suspicion that he was driving carelessly, and accordingly the stop, which evolved into a DWI investigation, was justified).

{6} Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{7}    **IT IS SO ORDERED.**

                                         _____
                                         **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**