This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. 36,129**

**KAREN CURTIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Bradford J. Dalley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition, in which she continues to argue that the traffic stop which led to her arrest and conviction was not supported by reasonable suspicion. [MIO 2-6] After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Because the pertinent background information and applicable principles were previously set out in the notice of proposed summary disposition, we will avoid lengthy reiteration here. To very briefly summarize, Sargent Foreman initiated the stop after an employee at a convenience store reported that a female driving a silver pickup truck appeared to be intoxicated. [MIO 1; RP 59] The caller supplied a license plate number, location and direction of travel. [RP 59] Sargent Foreman promptly located a silver pickup with a similar license plate number, initiated a stop and commenced the DWI investigation which led to Defendant's conviction. [RP 59]

{3}     As we observed in the notice of proposed summary disposition, the tip, together with the officer's observations, justified the traffic stop. *See State v. Lope*, 2015-NMCA-011, ¶ 23, 343 P.3d 186 (observing that "investigatory stops based on anonymous tips describing possible drunk driving are justified, where information provided by the tip such as a description and location of the vehicle, was

corroborated"); *State v. Contreras*, 2003-NMCA-129, ¶¶ 2, 21, 134 N.M. 503, 79 P.3d 1111 (holding that an anonymous tip notifying police about a possible drunk driver supported an investigatory detention, where the information was detailed and the caller was an apparent eyewitness to erratic driving); *State v. Van Ruiten*, 1988-NMCA-059, ¶¶ 2-3, 6-11, 107 N.M. 536, 760 P.2d 1302 (holding that an unidentified caller's report that a man at a convenience store who was apparently intoxicated had driven away in a vehicle, which was described with sufficient particularity that the police were able to locate it fifteen minutes later, supplied an adequate basis for an investigatory stop and DWI investigation).

{4}     Defendant contends that the caller's failure to describe the vehicle make, model, and license plate number with perfect accuracy, [MIO 3-4] the caller's failure to specify why he or she believed the driver was intoxicated, [MIO 5-6] and the absence of other detailed indicia of reliability or credibility should be deemed fatal deficiencies. [MIO 2-6] We disagree. The situation addressed in *Van Ruiten* is virtually indistinguishable from the fact pattern presented in this case. We further note that the *Contreras* decision recognizes a presumption that citizen-informants are inherently reliable, 2003-NMCA-129, ¶¶ 10-11, a presumption that is enhanced "if it is apparent that the informant observed the details personally." *Id.* ¶ 12. In this case, the caller provided such specificity with respect to the vehicle description and

location, and stated his or her concern about DWI with sufficient clarity, that personal observation of detail may properly be inferred. *See id.* (noting "that a specific description of the car, its location . . . and . . . movements reasonably support a conclusion that [the] caller had personally observed the vehicle"). Nothing further was required.

{5}    Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}    **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**MICHAEL E. VIGIL, Judge**