This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**DARRELL CROSBY,**
**Defendant-Appellant.**

Docket No. A-1-CA-37557
COURT OF APPEALS OF NEW MEXICO
April 18, 2019

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY, John A. Dean, Jr., District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, MJ Edge, Assistant Public Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge, JACQUELINE R. MEDINA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his conviction, following a conditional plea, of driving under the influence of intoxicating liquor. [DS 1] In his docketing statement, Defendant challenged the denial of a motion to suppress evidence. [DS 3] This Court issued a notice of proposed summary disposition, proposing to affirm based upon the a sheriff's deputy's reasonable suspicion that Defendant was engaged in criminal activity. [CN 4-5]

Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we are unpersuaded and affirm.

**{2}** In his memorandum, Defendant continues to assert that evidence should have been suppressed because he was illegally stopped, arguing that a citizen informant in this case did not provide enough detail to justify the stop that occurred in this case. [MIO 3-4] As noted in our calendar notice, however, that the caller had provided law enforcement with a description of Defendant that included both the clothing he was wearing and also the color, make, model, and license plate number of his SUV. [CN 3] We also noted that the reporting citizen appears to have followed Defendant after initially calling the dispatcher, reporting on Defendant's changing whereabouts and activities until the deputy arrived. [Id.]

**{3}** In arguing against the district court's finding of reasonable suspicion, Defendant cites *State ex rel. Taxation & Revenue Department Motor Vehicle Division v. Van Ruiten*, 1988-NMCA-059, 107 N.M. 536, 760 P.2d 1302, in which police received a report from someone at a convenience store that a man "who was very intoxicated" had driven away from a store and headed in a specified direction on a specified road, along with a detailed description of the truck being driven. *Id.* ¶ 2. We pause to note that this case is exceptionally similar to *Van Ruiten*, in that the report received included a detailed description of Defendant's appearance and vehicle, along with a description of where he was driving. [RP 49, 59-60, 72]

**{4}** Defendant asserts, however, that the deputy lacked reasonable suspicion in this case because, unlike in *Van Ruiten*, he did not personally observe Defendant driving. [MIO 4] Reasonable suspicion, however, requires only that a law enforcement officer be "aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *State v. Hubble*, 2009-NMSC-014, ¶ 8, 146 N.M. 70, 206 P.3d 579 (internal quotation marks and citation omitted).

**{5}** The fact that Defendant was at a gas station, by himself, pumping gas into his SUV would generally lead a reasonable person to suspect that he had recently driven the SUV. [See RP 72 (noting that there was nobody else in the SUV or in the immediate vicinity)] The additional fact that a citizen had called in a report regarding Defendant driving that SUV and then described his ongoing progress toward the gas station only adds to that suspicion. The fact that the deputy then found Defendant, dressed as described, with the SUV described, at the location described, all tended to corroborate the veracity of the citizen report. Indeed, it appears that same citizen was still on the scene, still on the telephone, reporting Defendant's actions to a dispatcher when the deputy arrived. [RP 73] Finally, when all of these facts suggesting that Defendant had driven his SUV to the gas station were combined with the deputy's own subsequent observations that Defendant smelled of alcohol and had bloodshot eyes, [RP 60] the deputy was in possession of a reasonable suspicion that Defendant had been driving while intoxicated. In sum, that deputy had a reasonable suspicion that Defendant was engaged in criminal activity.

**{6}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the conviction entered below.

**{7}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**