This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38074

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JULIO RUBIO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven James Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from a district court on-the-record judgment affirming his metropolitan court conviction for DWI. We issued a calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. We affirm.

**{2}** Defendant continues to challenge the denial of his motion to suppress. A ruling on "[a] motion to suppress evidence is a mixed question of law and fact." *State v. Garcia*, 2005-NMSC-017, ¶ 27, 138 N.M. 1, 116 P.3d 72. We review findings of fact

using the substantial evidence standard. *Id.* We review the application of law to the facts de novo, viewing the facts in the light most favorable to the prevailing party. *Id.*

**{3}** Defendant's specific argument has been that the stop of his vehicle was made in the absence of reasonable suspicion. The pertinent facts appear to be as follows. Officer Brandon Forsberg testified that he was dispatched to the Sanbar at 11:55 p.m. regarding a hit and run. [RP 122] In addition to a detailed description of the vehicle, the call included the driver's location and direction of travel; the caller had also stated that the driver was intoxicated and had been involved in an altercation with Sandbar employees. [RP 122-23] Three minutes after the dispatch the officer located the vehicle that fit the description, including the license plate. Officer Forsberg then stopped the suspect vehicle, which Defendant was driving. [RP 123]

**{4}** "[B]efore a police officer makes a traffic stop, he must have a reasonable suspicion of illegal activity." *State v. Dopslaf*, 2015-NMCA-098, ¶ 8, 356 P.3d 559 (internal quotation marks and citation omitted). "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *Id.* (internal quotation marks and citation omitted). "[A]ppellate courts will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *Id.* (internal quotation marks and citation omitted).

**{5}** In this case the district court concluded that the metropolitan court properly denied the motion to suppress. [RP 122] We agree. In *State ex rel. Taxation & Revenue Department Motor Vehicle Division v. Van Ruiten*, a police officer received a radio dispatch informing him that an unidentified person had called to report that a man at a convenience store who was apparently intoxicated had driven away in a vehicle that was described with particularity. 1988-NMCA-059, ¶ 2, 107 N.M. 536, 760 P.2d 1302. The officer found a vehicle matching the description fifteen minutes later, and initiated a traffic stop and DWI investigation. *Id.* ¶ 3. We held that the information provided by the caller supplied reasonable suspicion, such that the stop was permissible. *Id.* ¶¶ 6-11.

**{6}** Similarly, in *State v. Contreras*, 2003-NMCA-129, ¶¶ 2, 21, 134 N.M. 503, 79 P.3d 1111, we held that an anonymous tip notifying police about a possible drunk driver supported an investigatory detention, where the information was detailed enough for the deputies to find the vehicle in question and confirm the description, and where the caller was an apparent eyewitness to erratic driving.

**{7}** Most recently, in *State v. Lope*, we reviewed relevant case law and concluded that as a general rule, "investigatory stops based on anonymous tips describing possible drunk driving are justified, where information provided by the tip such as a description and location of the vehicle, was corroborated." 2015-NMCA-011, ¶ 23, 343 P.3d 186. Accordingly, we held that an identified motorist's tip was sufficient to support a traffic stop to investigate the possibility that a specified vehicle was driven by an

intoxicated motorist, notwithstanding the fact that the officer observed no erratic driving himself.  *Id.* ¶¶ 2-6, 23-24.

**{8}**     As the foregoing cases illustrate, citizen reports and anonymous tips concerning drunk driving generally supply police with reasonable suspicion to initiate traffic stops, provided that sufficiently specific vehicle descriptions are supplied, even in the absence of independent observation of erratic driving by the officer. Accordingly, we conclude that the report that Defendant was intoxicated [RP 122-23] combined with the corroboration of the description of the vehicle, provided the requisite reasonable suspicion.

**{9}**     Defendant's docketing statement does not dispute the facts set forth in the docketing statement. [MIO 1] Instead, he now argues that investigatory stops are not permitted for misdemeanor offenses. [MIO 1] Defendant has not indicated that he preserved this novel argument below. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). In addition, our Supreme Court has consistently recognized the legal validity of a stop based on reasonable suspicion of a traffic code violation. *See, e.g.*, *State v. Ochoa*, 2008-NMSC-023, ¶ 15, 143 N.M. 749, 182 P.3d 130. This Court does not have authority to overrule this case law. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent).

**{10}**    For the foregoing reasons, we affirm.

**{11}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**BRIANA H. ZAMORA, Judge**